UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**05 10605 JLT**

|  |  |
|---|---|
| DANIEL GREENWOOD,<br><br>Plaintiff<br><br>v.<br><br>YALE APPLIANCE AND LIGHTING, INC.,<br><br>Defendant | MAGISTRATE JUDGE Alexander<br><br>RECEIPT # 63067<br>AMOUNT $150<br>SUMMONS ISSUED yes<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 3/29/05 |

## PARTIES

1. The Plaintiff, Daniel Greenwood ("the Plaintiff" or "Greenwood"), is a resident of Whitman, Plymouth County, Commonwealth of Massachusetts.

2. The Defendant, Yale Appliance and Lighting Inc., ("the Defendant or Yale"), is a corporation organized under the laws of the Commonwealth of Massachusetts, having a principal place of business in Boston, Suffolk County, Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

3. The Defendant employed Greenwood as a delivery driver.

4. Greenwood's date of birth is May 3, 1963.

5. In or about 2003, Greenwood suffered a work-related injury, and as a result, missed work, and received worker's compensation benefits pursuant to G.L. c. 152.

6. Greenwood returned to work in or about in or about January 2004.

1

7. On or about July 27, 2004, Greenwood became sick with diverticulitis, and as a result, was hospitalized and received care from physicians and other medical professionals, and was forced to be absent from work.

8. During his hospitalization, Greenwood was contacted by one James Rapoza, a manager employed by the Defendant, and informed Rapoza that he did not know yet when he might be released from the hospital, or when he might be able to return to work, and thus had to remain on leave.

9. On or about Tuesday, August 3, 2004, Greenwood met with Rapoza at Yale's facility in Norwood, Massachusetts, and told him he would not be able to return to work until he was reevaluated by his physician on Monday, August 9, 2004.

10. Later that day, Greenwood responded to Rapoza's inquiry by telling him that he could not return to work even for light duty purposes until he was cleared by his physician.

11. On or about Friday, August 6, 2004, in response to his request to pick up a pay check for his accrued vacation leave, Rapoza told Greenwood that he should provide him with documentation regarding his absence.

12. Later that day, Greenwood provided a record of his hospitalization and met with Rapoza and another manager, Louis Frazer.

13. Frazer told Greenwood that Yale was missing a number of employees that week, and needed Greenwood to return to work.

14. Frazer also asked Greenwood how old he was, and asked Greenwood if he could still perform his job as a delivery driver, in light of his age, the fact that he had

2

missed work due to his recent hospitalization, and as a result of his previous work-related injury.

15. Frazer told Greenwood that if Greenwood could not carry out his duties as a driver, he could no longer work for Yale, as there were no inside jobs available for Greenwood.

16. Greenwood told Frazer and Rapoza that he would return to work on August 10, 2004, with his physician's permission.

17. On Monday, August 9, 2004, Greenwood presented Frazer with a note from his physician, dated August 9, 2004, indicating that he could return to work on "Tuesday, August 9 (*sic*), 2004." (Exhibit A.)

18. Frazer took Greenwood's note, and told Greenwood to depart, and that he would consult with Yale's lawyer about Greenwood's status.

19. By letter dated August 12, 2004, Yale notified Greenwood that he was terminated from employment.

20. During his employment with Yale, Greenwood frequently worked more than 40 hours per "workweek," as this term is defined by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

21. Yale did not pay Greenwood overtime wages for hours he worked in excess of 40 per workweek.

## COUNT I
## VIOLATION OF THE FLSA

22. The Plaintiff, Daniel Greenwood, makes his claim under this count of this Complaint on behalf of himself and all similarly situated employees under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA").

23. The Defendant is an "employer" within the meaning of the FLSA.

24. Greenwood was employed by the Defendant to deliver and install appliances in the Greater Boston area, and was its "employee" within the meaning of the FLSA, and his employment was subject to the FLSA's requirement that employees must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay.

25. In violation of the FLSA, the Defendant did not pay Greenwood, and upon information and belief, similarly situated employees, overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay.

26. Greenwood has been harmed, injured, and damaged as a result of the Defendant's violation of the FLSA.

## COUNT II
## VIOLATION OF G.L. C. 149, § 148

27. The Plaintiff incorporates by reference all previous allegations in this Complaint.

28. The Plaintiff has satisfied all prerequisites to suit under G.L. c. 149, § 148. (Ex. B.)

29. The Plaintiff brings this count of this Complaint on behalf of himself and all similarly situated employees pursuant to G.L. c. 149, § 148 and § 150.

30. The Defendant's employment of the Plaintiff was subject to the provisions of G.L. c. 149, § 148.

4

31. By failing to pay the Plaintiff and similarly situated employees overtime wages, the Defendant has violated G.L. c. 149, § 148 by failing to pay all wages due and owing within the time specified by G.L. c. 149, § 148.

32. The Plaintiff has been harmed, injured, and damaged as a result of the Defendant's violation of G.L. c. 149, § 148.

## COUNT III
## VIOLATION OF FMLA
## TERMINATION FOR ABSENCES PROTECTED UNDER THE FMLA

33. The Plaintiff incorporates by reference all previous allegations in this Complaint.

34. The Defendant is an employer within the meaning of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

35. The Plaintiff was an "employee" of the Defendant within the meaning of the FMLA.

36. As result of suffering from diverticulitis, the Plaintiff suffered from a "serious medical condition" within the meaning of the FMLA, and was entitled under the FMLA to 12 weeks of unpaid leave, upon his request for leave.

37. In violation of the FMLA, the Defendant did not provide the Plaintiff with requested leave, and did not restore him to employment upon his representation that he could return to work, but terminated his employment for absences for which he was entitled to leave under the FMLA.

38. The Plaintiff has been harmed, injured, and damaged as a result of the Defendant's violation of the FMLA.

## COUNT IV
## VIOLATION OF THE FMLA
## RETALIATORY DISCHARGE

39. The Plaintiff incorporates by reference all previous allegations in this complaint.

40. The Plaintiff engaged in conduct protected by the FMLA by requesting leave for diverticulitis, by taking leave for this condition, and for taking leave attributable to his work-related injury in 2002.

41. In retaliation for this protected activity, and in violation of the FMLA, the Defendant terminated the Plaintiff's employment.

42. The Plaintiff has been harmed, injured, and damaged as a result of the Defendant's violation of the FMLA.

## COUNT V
## VIOLATION OF THE ADEA

43. The Plaintiff incorporates by reference all previous allegations in this complaint.

44. The Plaintiff has satisfied all prerequisites to suit under 29 U.S.C. § 621, *et seq.*, the Age Discrimination in Employment Act (the "ADEA").

45. The Defendant is an employer within the meaning of the ADEA.

46. The Plaintiff was an employee of the Defendant within the meaning of the ADEA.

47. The Defendant terminated the Plaintiff's employment because of his age, in violation of the ADEA.

48. The Plaintiff has been harmed, injured, and damaged as a result of the Defendant's violation of the ADEA

## COUNT VI
## VIOLATION OF G.L. c. 151B
## AGE DISCRIMINATION

49. The Plaintiff incorporates by reference all previous allegations in this complaint.

50. The Plaintiff has satisfied all prerequisites to suit under G.L. c. 151B.

51. The Defendant is an employer within the meaning of G.L. c. 151B.

52. The Plaintiff was an employee of the Defendant within the meaning of G.L. c. 151B.

53. The Defendant terminated the Plaintiff's employment because of his age, in violation of G.L. c. 151B.

54. The Plaintiff has been harmed, injured, and damaged as a result of the Defendant's violation of G.L. c. 151B.

## COUNT VII
## VIOLATION OF G.L. c. 152, § 75B(2)
## RETALIATORY DISCHARGE

55. The Plaintiff incorporates by reference all previous allegations in this complaint.

56. The Defendant is an employer within the meaning of G.L. c. 152.

57. The Plaintiff was an employee of the Defendant within the meaning of G.L. c. 152.

58. By missing work and receiving worker's compensation benefits as a result of a work-related injury, the Plaintiff exercised rights afforded by G.L. c. 152.

59. The Defendant terminated the Plaintiff's employment in retaliation for his having exercised rights afforded by G.L. c. 152, in violation of G.L. c. 152, § 75B(2).

60. The Plaintiff has been harmed, injured, and damaged as a result of the Defendant's violation of G.L. c. 152, § 75(B)(2).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that his Court:

(a) Enter Judgment for Plaintiff on each Count of the Complaint in an amount sufficient to compensate him for the full amount of his injuries and damages together with all interest and costs of this action;

(b) Award him back pay, front pay, damages for emotional distress, compensatory and punitive damages, liquidated damages, treble damages, interest, costs and attorney fees, as provided by G.L. c. 151B, G.L. c. 149, § 150, G.L. c. 152, the FMLA, the FLSA, and the ADEA.

(c) Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury on all counts so triable.

                                        Respectfully submitted,

                                        DANIEL GREENWOOD

                                        By his attorney,

                                        _____
                                        Daniel W. Rice
                                        GLYNN, LANDRY,
                                        HARRINGTON & RICE, LLP
                                        10 Forbes Road
                                        Braintree, MA 02184
                                        (781) 849-8479
                                        BBO # 559269

Dated: March 25, 2005

**EXHIBIT A**

# Aboualkheir Alzaim, M.D.
## Pulmonary Medicine & Internal Medicine
1221 Main Street, Suite 301, South Weymouth, MA 02190
Tel: 781-340-6420  Fax: 781-340-6421

### Return to Work

Date: 8/9/04

This is to certify that

_Daniel Greenwood_

has been under my care, and will be able to return to work on the following date:

_Tues. August 9, 2004_

Remarks:

_____

*Aboualkheir Alzaim, M.D.*

# EXHIBIT B



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

March 1, 2005

(617) 727-2200
www.ago.state.ma.us

Daniel Greenwood
c/o Daniel W. Rice
Glynn, Landry, Harrington & Rice, LLP
Ten Forbes Road
Braintree, MA 02184-2605

**Re: Authorization for Immediate Private Suit - Yale Electric**

Dear Mr. Greenwood:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor and Business Practices Division
(617) 727-2200, extension 2336

BT/pk

NewPRA.frm (11/22/02)

OJS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained here in neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
CLERKS OFFICE


### I. (a) PLAINTIFFS
DANIEL GREENWOOD

### DEFENDANTS
YALE APPLIANCE AND LIGHTING

(b) County of Residence of First Listed Plaintiff: **PLYMOUTH**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **SUFFOLK**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Daniel W. Rice, Glynn, Landry, Harrington & Rice, LLP; 10 Forbes Road, Braintree, MA 02184 (781) 849-8479

Attorneys (If Known):

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- 1 U.S. Government Plaintiff
- x 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury - Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury - Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | 710 Fair Labor Standards Act | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 720 Labor/Mgmt. Relations | 861 HIA (1395ff) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | | 730 Labor/Mgmt. Reporting & Disclosure Act | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting / 510 Motions to Vacate Sentence | 791 Empl. Ret. Inc. Security Act | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment / Habeas Corpus: | | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare / 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 540 Mandamus & Other | | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights / 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

- x 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**29 U.S.C. sec. 1331; FAIR LABOR STANDARDS ACT**
Brief description of cause: **Action for unpaid overtime.**

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **1,000,000**
CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes ___ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: **MARCH 24, 2005**
SIGNATURE OF ATTORNEY OF RECORD: *[signed] Daniel R.*

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG JUDGE ____



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) _____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,       *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                            YES ___    NO ___

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                            YES ___    NO ___

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                            YES ___    NO ___

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                            YES ___    NO ___

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                            YES ___    NO ___

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ___         Central Division ___         Western Division ___

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ___         Central Division ___         Western Division ___

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                            YES ___    NO ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____
ADDRESS _____
TELEPHONE NO. _____

(Coversheetlocal.wpd - 10/17/02)