UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                  )
DANIEL GREENWOOD,              )
                                                  )
            Plaintiff,    )
                                                  )   Civil Action No. 05-10605 JLT
v.                                                )
                                                 )
YALE APPLIANCE AND LIGHTING, INC.,   )
                                                 )
            Defendant.  )
_____)

### **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBIT 15**

### **INTRODUCTION-FACTS**

Now comes the Plaintiff, Daniel Greenwood, and moves to strike Exhibit 15 of the Defendant's Motion for Summary Judgment, and which is attached hereto for the court's convenience. Exhibit 15 is a memorandum written by Louis Frazer, dated August 10, 2004, "to Employee File", in which Mr. Frazer provides a narrative summary of the reasons the Defendant decided to fire the Plaintiff. At his deposition, Mr. Frazer admitted that this document was "created" to outline Yale's version of the events that led it to fire Greenwood.[1] The last three paragraphs of Frazer's memo are based on Frazer's personal interaction with Greenwood regarding Greenwood's absence from work in August 2004; the first eight are based on Frazer's summary of what one James Rapoza told him about his interactions with Greenwood in late July and early August of 2004.[2] The final paragraph of Frazer's memo, which summarizes Frazer writing Greenwood's

---

[1] Pl.s Ex. 4, Frazer Tr./34.
[2] Def.'s Ex. 15.

termination letter, reveals that Frazer wrote Exhibit 15 <u>after</u> Yale had consulted with its attorney[3], and <u>after</u> it had made the decision to fire Greenwood.[4]

## ARGUMENT

A motion for summary judgment can only be supported by admissible evidence. See Fed.R.Civ.P. 56(e); *Ramirez v. DeCoster*, 194 F.R.D. 348, 359 (D.Me.2000); *see also Feliciano v. Rhode Island*, 160 F.3d 780, 787 (1st Cir.1998) ("Fed.R.Civ.P. 56(e) requires the parties to submit admissible evidence in supporting and opposing motions for summary judgment."). Exhibit 15 is not admissible evidence for any or all of the following reasons:

(1) Exhibit 15 is inadmissible hearsay, in that it is the out of court statement made by Frazer, not under oath, which has been offered for the truth of the assertions made therein. Fed. R. Evid. Rule 801.

(2) Exhibit 15 contains levels of inadmissible hearsay, to wit, the statements of James Rapoza, which are asserted my Mr. Frazer, the author of the memorandum, and not under oath by Mr. Rapoza, and which are offered for the truth of the assertions. Fed. R. Evid. Rule 801.

(3) The statements of Mr. Rapoza are not based on Mr. Frazer's personal knowledge and are thus not admissible.

(4) Frazer "created" Exhibit 15 after Greenwood was fired, and after he consulted with Yale's attorney. Exhibit 15 is not a routine record kept in the ordinary course of Yale's business, but one which Frazer wrote, after the fact, to create a record that could be used at a subsequent in litigation to justify Greenwood's dismissal. It therefore lacks

---

[3] Def.'s Ex. 15 ("[u]pon speaking with council . . ..")
[4] Def.'s Ex. 15.

the "trustworthiness" necessary to fit within any exception to the hearsay rule, including Fed. R. Evid. Rule 803(6), and its potential prejudicial effect outweighs any probative value.

## CONCLUSION-RELIEF REQUESTED

For the foregoing reasons, Defendant's Exhibit 15 should be stricken, as should all assertions in the Defendant's memoranda that rely on it.  This includes:

Defendant's Statement of Material Facts, ¶ 31; 40, 43; 44; 45; 47; 48, and 49.

                Respectfully submitted,

                THE PLAINTIFF,

                By his attorney,

                s/Daniel W. Rice
                Daniel W. Rice, BBO # 559269
                GLYNN, LANDRY, HARRINGTON & RICE, LLP
                10 Forbes Road
                Braintree, MA 02184
                (781) 356-1399

Dated: February 26, 2007