UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL GREENWOOD, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. 05-10605-JLT |
| YALE APPLIANCE AND LIGHTING, INC., | * |
| Defendant. | * |

MEMORANDUM AND ORDER

May 16, 2007

TAURO, J.

Plaintiff alleges that the Defendant fired him after missing work while ill with diverticulitis in July and August 2004. He asserts Defendant's action violated substantive provisions of the Family Medical Leave Act ("FMLA"). Plaintiff also alleges Defendant's actions constitute age discrimination and retaliation under FMLA and Massachusetts workers' compensation laws. Presently at issue is Defendant's Motion for Summary Judgment on all remaining claims of Plaintiff's complaint.

In 2003, Plaintiff suffered a work-related injury, a hernia. As a result, Plaintiff missed work and received worker's compensation benefits pursuant to Mass. Gen. Laws c. 152, starting on November 12, 2003. Approximately ten weeks later, Plaintiff returned to work on light duty on January 22, 2004. Plaintiff returned to full duty on February 17, 2004. Employees only have twelve weeks of FMLA protected leave time per twelve month period.[1] It is undisputed that

---

[1] 29 U.S.C. § 2612(a)(1) (2007).

Defendant's employment handbook defined the relevant twelve month time period to roll, so as to reach back twelve months from the date of any leave.[2]  It is also undisputed that Defendant's policies count time out on workers' compensation as FMLA leave time.[3]

Defendant argues that this time spent on leave, when combined with the time spent on light duty, totals more than twelve weeks and that, therefore, Plaintiff had no more protected leave time when he got sick and missed work six months later.  Plaintiff contends that it would be incorrect and unfair to count light duty time as leave, as the Plaintiff was working full time.  But the relevant Department of Labor regulations say otherwise:

> Employees cannot waive, nor may employers induce employees to waive, their rights under FMLA. For example, employees (or their collective bargaining representatives) cannot "trade off" the right to take FMLA leave against some other benefit offered by the employer. This does not prevent an employee's voluntary and uncoerced acceptance (not as a condition of employment) of a "light duty" assignment while recovering from a serious health condition (see § 825.702(d)). In such a circumstance the employee's right to restoration to the same or an equivalent position is available until 12 weeks have passed within the 12-month period, including all FMLA leave taken and the period of "light duty."[4]

The regulations also make clear Plaintiff has a right to refuse a light duty assignment, even if Plaintiff is certified for such assignment under a workers' compensation regime.[5]  Additionally, Section 702(d)(2) provides that if an employee is certified for light duty but does not want to return to work, the employer must keep the job open for the full twelve weeks while employee is

---

[2] This is authorized under 29 C.F.R. § 825.200(b)(4) (2007).

[3] This is authorized under 29 C.F.R. § 825.702(d)(2).

[4] 29 C.F.R. §825.220(d).

[5] 29 C.F.R. §825.207(d).

medically unable to perform his "full duty."[6]

Regulation sections 220, 207, and 702, when read together, create a regime where the employee's original job at "full duty" must be held open for only twelve weeks. In other words, the regulations define the FMLA right to twelve weeks of leave to be twelve weeks of leave from a "full duty" job, whether or not some portion of that twelve weeks is spent on light duty. Two U.S. district court judges have reached the same conclusion.[7] Plaintiff has not argued that these regulations are inconsistent with the statute.[8]

One other complication does raise questions. One judge who recognized that "light duty" counts as leave has concluded that the employer had no obligation to notify the Plaintiff that "light duty" work counted as leave.[9] The other judge, however, recognized that 29 C.F.R. § 825.208 provides "it is the employer's responsibility to designate leave, paid or unpaid, as FMLA-qualifying, and to give notice of the designation to the employee as provided in this

---

[6] 29 C.F.R. §825.702(d)(2) ("At some point the health care provider providing medical care pursuant to the workers' compensation injury may certify the employee is able to return to work in a 'light duty' position. If the employer offers such a position, the employee is permitted but not required to accept the position (see § 825.220(d)). As a result, the employee may no longer qualify for payments from the workers' compensation benefit plan, but the employee is entitled to continue on unpaid FMLA leave either until the employee is able to return to the same or equivalent job the employee left or until the twelve-week FMLA leave entitlement is exhausted.").

[7] See Artis v. Palos Community Hospital, No. 02 C 8855, 2004 U.S. Dist. LEXIS 20150, at *19-20 (N.D. Ill. Sept. 22, 2004); Wright v. Owens-Brockway Plastics, Inc., No. 02-223, 2004 U.S. Dist. LEXIS 8535, at *21 (S.D. Ind. May 14, 2004); Roberts v. Owens-Illinois, Inc., No 02-207, 2004 U.S. Dist. LEXIS 8534, at *16-19 (S.D. Ind. May 14, 2004).

[8] See, e.g., Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-44 (1984).

[9] See Artis, 2004 U.S. Dist. LEXIS 20150, at *25-26.

section."[10] This provision must also be applicable to "light duty" FMLA leave. Defendant cannot have it both ways. If "light duty" is leave for the purposes of counting against Plaintiff's available FMLA time, it must be leave which the employer has a duty to designate as FMLA-qualifying.

This conclusion does not end the inquiry. A violation of the notice requirements does not create a remedy unless the violation caused the employee prejudice.[11] The parties have not briefed this issue, and it is unclear to the court whether or not a genuine dispute of material fact exists as to whether Plaintiff was prejudiced. If Plaintiff truly could not return to full duty until February 17, 2004, then he would have expended all of his leave anyway, and he would not suffer prejudice. If Plaintiff can show that he would have returned to work earlier in order to conserve his FMLA leave time, he could potentially show prejudice. In fact, Plaintiff's deposition testimony indicates that his doctor only recommended a week of light duty during recovery from the hernia.[12] As such, Plaintiff might have been able to return to full duty earlier if he had been aware he was using up all of his FMLA time.

Accordingly, without further briefing from the parties, it is unclear whether or not Defendant's apparent failure to designate "light duty" time as leave time is remediable by the Plaintiff in this case. Parties are ordered to submit further briefing on this issue by May 25, 2007.

---

[10] 29 C.F.R. § 825.208(a).

[11] Dube v. J.P. Morgan Investor Servs., 201 Fed. Appx. 786, 788 (1st Cir. 2006) ("[W]here an employee had received all of the FMLA leave to which that employee was entitled, the employee had no remedy for the employer's technical violation of the notice requirements. Id. at 89-90. The only exception to this rule occurs where the employee can show that the lack of notice caused some prejudice (e.g., that the employee would not have structured leave in the same way had notice been provided);"). See also Wright, 2004 U.S. Dist. LEXIS 8535, at *24-26.

[12] Deposition of Daniel Greenwood 200:16-19, Defendant's Statement of Material Facts, Paper #24, Ex. 2.

Where counsel requested leave in open court to submit supplemental memoranda, Parties may brief these issues in their May 25 brief.  The <u>Motion for Summary Judgment</u> remains under advisement.

    IT IS SO ORDERED.

                                                            <u>    /s/ Joseph L. Tauro    </u>
                                                            United States District Judge