UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DANIEL GREENWOOD,                   )
                                    )
            Plaintiff,              )
                                    )  Civil Action No. 05-10605 JLT
v.                                  )
                                    )
YALE APPLIANCE AND LIGHTING, INC.,  )
                                    )
            Defendant.              )
_____

**DEFENDANT'S SUPPLEMENTAL BRIEF
IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Yale Appliance and Lighting, Inc. ("Yale") hereby submits its supplemental brief pursuant to the Court's Memorandum and Order dated May 16, 2007 ("Order").

**I.      INTRODUCTION**

By its Order, the Court requested the parties brief the issue of whether Yale's "apparent failure to designate 'light duty' time as leave time" in January-February 2004 caused Plaintiff any prejudice. (Order at 4). In other words, Plaintiff must demonstrate that he would have, or more accurately, *could* have, returned to full duty earlier than he did if he had known his light duty time counted against his twelve (12) week entitlement under the Family and Medical Leave Act ("FMLA"). There is insufficient evidence in the record for Plaintiff to support an allegation that he was prejudiced due to any lack of notice.

In any event, even if Plaintiff offers evidence that he was somehow prejudiced, and would have returned to work earlier had he been aware that his light duty counted

against his FMLA time, Plaintiff still cannot survive summary judgment. In no instance could the Plaintiff have returned to work before January 30, 2004[1] – he was not medically cleared for more than light duty work prior to this time. Since it is undisputed that Yale afforded Plaintiff even further time-off in late July 2004 in connection with his hospitalization for diverticultis, without penalty of discipline, the one week of medically mandated light duty in 2004, plus his three (3) day hospitalization, exhausted any FMLA entitlement. Because there is both insufficient evidence to show prejudice regarding lack of notice in February 2004, and because in any event Plaintiff otherwise subsequently received even more excused time off due to his alleged medical condition in July 2004, the absences for which he was later terminated, i.e., his absence from work on August 4-6, 2004, were not protected by the FMLA and provide a lawful basis for Plaintiff's termination.

Simply put, notice specific to Plaintiff's light duty work could not have resulted in a more favorable use of his allotted FMLA time and, therefore, Plaintiff cannot establish prejudice, and summary judgment should enter in this matter for Yale.

## II. ARGUMENT

### A. It is Undisputed Plaintiff Took Over Thirteen Weeks of Leave in November 2003 – February 2004 and There is No Evidence He Would Have Acted Differently if on Notice That Light Duty Counted Towards His FMLA Time.

As the Court held in its Order, in determining whether the twelve (12) weeks of leave have expired, employers may include absences ***and*** periods of uncoerced light duty

---

[1] Prior to filing the instant brief, Defendant received Plaintiff's Supplemental Memorandum and noted that it appears Plaintiff is arguing the light duty assignment, prescribed by his doctor, would have ended on January 29, 2004. This one-day difference is of no import because, even presuming a show of prejudice in early 2004, it is undisputed, as discussed herein, that Plaintiff was afforded five (5) days of absence, for which he was not disciplined, from July 28, 2004 through August 3, 2004. Under any scenario, such absences would have exhausted any alleged remaining FMLA Plaintiff had.

2

work.  *See* 29 CFR § 825-220(d); *Artis v. Palos Community Hospital,* No. 02-C-8855, 2004 WL 2125414, *6 (N.D. Ill. Sept. 22, 2004); *Wright v. Owens-Illinois, Inc. et al.*, No. 2:02-CV-223, 2004 WL 1087359, *9 (S.D.Ind. May 14, 2004).[2]

It is undisputed in the record evidence that Plaintiff was absent from work due to his hernia injury from November 13, 2003 until his return to light duty on January 26, 2004.  (Defendant's Statement of Facts ("Defendant's Facts") at ¶ 21 and Exs. 10 and 12; Plaintiff Response to Defendant's Facts ("Plaintiff's Response") at ¶ 21; Plaintiff's Additional Statement of Facts ("Plaintiff's Facts") at ¶ 2).  Plaintiff's absence prior to his return to light duty totaled ten (10) weeks and two (2)[3] days.  (Plaintiff's Facts at ¶ 2).

Plaintiff thereafter worked a light duty schedule from January 26, 2004 through February 13, 2004, returning to work full duty, with no restrictions, on February 17, 2004.  (Defendant's Facts at ¶ 22; Plaintiff's Response at ¶ 22).  In total, Plaintiff enjoyed thirteen (13) weeks and two (2) days of leave for recovery from his hernia injury.  (Defendant's Facts at ¶¶ 21-22, 26; Plaintiff's Response at ¶ 21-22).

As the United States Supreme Court and the First Circuit have held, where an employee has exhausted his FMLA-allotted twelve (12) weeks, he has no remedy for the

---

[2]  Again, immediately prior to filing the instant brief, Defendant received Plaintiff's Supplemental Memorandum and noted his reliance on the Department of Labor's Opinion Letter No. 55, dated March 10, 1995.  At the outset, this DOL opinion letter is not entitled to *Chevron*-style deference.  *Christensen v. Harris County*, 529 US 576, 587 (2000)("Interpretations such as those in opinion letters . . . which lack the force of law do not warrant *Chevron* style deference.")  While entitled to some respect, even this is afforded only where the agency's interpretation has "the power to persuade." Id.  Notably, the opinion letter (penned by the Deputy Assistant Administrator) upon which Plaintiff relies offers no discussion, persuasive or otherwise, as to how the DOL arrived at this interpretation.  Indeed, the regulation, which is plain on its face, can only mean  that time spent on FMLA and light duty accrues against one's FMLA entitlement.  In any event, particularly given that the opinion letter was issued well before the United States Supreme Court decision in *Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89-90, 122 S. Ct. 1155 (2002), which invalidated one of the Department of Labor's implementing regulations, and has been interpreted to limit the breadth of the same, this opinion letter, upon which Plaintiff heavily relies, does not trump the reasoned analysis of the United States District Court cases (*Artis* and *Wright*)(cited in this Court's order).

[3]  By Defendant's calculation, this total is ten (10) weeks and three (3) days; by Plaintiff's calculation, this total is ten (10) weeks and two (2) days.  For purposes of the instant brief and Motion for Summary Judgment, Defendant will use Plaintiff's calculation.

employer's alleged violation of the notice requirements, unless he can show "that the lack of notice caused some prejudice (e.g., that the employee would not have structured leave in the same way had notice been provided) . . . ." *Dube v. J.P. Morgan Investor Services*, 201 Fed. Appx. 786, 788 (1st Cir. 2006); *Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89-90, 122 S. Ct. 1155 (2002).  Indeed, it is Plaintiff's burden, when alleging deprivation of rights under the FMLA, to demonstrate by a preponderance of the evidence entitlement to the guarantee at issue.  *See Wright*, 2004 WL 1087359 at *6.

In this case, Plaintiff could not have structured his leave differently even if Yale had given him notice that light duty counted as FMLA time.[4]  Plaintiff returned to work full duty on February 17, 2004.  If Plaintiff's doctor cleared him to return to full duty prior to February 17, 2004, presumably he would have informed Yale of that and returned to full duty promptly.  Even assuming Yale did not give Plaintiff specific notice that his light duty counted as FMLA leave, the record is void of any medical evidence clearing Plaintiff to return to his full duty job as a delivery driver sooner than February 17, 2004,.  In the absence of such evidence, Plaintiff's notice argument fails.  *See Wright*, 2004 WL 1087359 at *10 ("[L]ack of notice of FLMA designation is irrelevant if a plaintiff cannot make a showing of prejudice."); *Dube*, 201 Fed. Appx. at 788.

      **B.**    **The Undisputed Evidence Reveals Plaintiff Medically Could Not Have Returned to Full Duty in Time to Conserve Enough FMLA Time to Support a Prejudice Argument.**

---

[4] Plaintiff provides an Affidavit indicating that, had he been aware, he would have returned to his position as a delivery driver on January 27, 2004, January 29, 2004, or "as much as a week or two earlier." (Affidavit of Daniel Greenwood at ¶7).  It is undisputed, however, that Plaintiff was totally disabled from working and was paid temporary, total disability benefits from Yale's workers' compensation carrier through January 25, 2004.  (*See* Exhibit 12 to Defendant's Facts).  Further, as discussed below, Plaintiff was not medically cleared to return to full duty for one (1) additional week.

Regardless of when Plaintiff now claims he may have *chosen* to return to full duty had he known his light duty counted as FMLA time, the undisputed record demonstrates that he was *medically unable to do so* until, at a minimum, Monday, February 2, 2004. On January 22, 2004, Plaintiff's doctor, Shantanu Basu, M.D., cleared him to return to work "for one-(1) week light-duty." (*See* letter from Dr. Basu dated January 22, 2004 attached hereto as Exhibit A). Accordingly, on Monday, January 26, 2004,[5] Plaintiff returned to work on light duty. (Defendant's Facts at ¶ 21; Plaintiff's Response at ¶ 21; Plaintiff's Facts at ¶ 2).[6]

By the end of that first week of light duty, January 30, 2004, Plaintiff would have exhausted eleven (11) weeks and two (2) days of his FMLA leave. As a result, after that week, Plaintiff had, at best, only three (3) days of FMLA-protected leave remaining for the year. Assuming *arguendo* he had this FMLA time remaining in the Summer 2004, Plaintiff used these three (3) days when he was absent from work and hospitalized for diverticulitis on July 28, 29, and 30, 2004. (Defendant's Facts at ¶¶ 52-53; Plaintiff's Response at ¶¶ 52-53). It is undisputed that these absences were not counted against Plaintiff as "unexcused absences," and that Yale did not discipline him for these absences. (*Id.*) Rather, the record evidence demonstrates, and Plaintiff concedes, that Yale terminated him for his absences on August 4, 5, and 6, 2004, which, under any

---

[5] Plaintiff alleges in his Supplemental Memorandum that he returned to work on light duty on January 27, 2004. (*See* Plaintiff's Supplemental Memorandum at 1). Although there appears to be some confusion in parties' submissions regarding the date of the day Plaintiff returned to work on light duty, the record evidence makes clear that Plaintiff commenced his light duty assignment on Monday, January *26*, 2004 -- and that Plaintiff received workers' compensation benefits up to that date. (*See* Exhibits 10 and 12 to Defendant's Facts).

[6] There is no dispute Plaintiff, in fact, continued to work light duty beyond this one (1) week. (Defendant's Facts at ¶ 22; Plaintiff's Response at ¶ 22). No documentation has been located, however, to reflect Dr. Basu's orders to do so. For purposes of analyzing the facts relevant to this issue in the light most favorable to Plaintiff, Defendant will assume that Dr. Basu gave Plaintiff medical clearance to return to full duty after just one week of light duty. Even by this generous calculation, Plaintiff's prejudice argument still fails.

5

scenario, came after he exhausted his twelve weeks of FMLA leave. (Defendant's Facts at ¶ 52; Plaintiff Response at ¶ 52).

Yale afforded Plaintiff every day owed to him under the protections of the FMLA[7]. Plaintiff cannot demonstrate prejudice due to a lack of notice where the record evidence shows there would have been nothing Plaintiff could have done differently to conserve his FMLA time as he was not medically cleared to do so. *See Ragsdale*, 535 U.S. at 90 (finding no prejudice where plaintiff not medically cleared to return to work). When a plaintiff, as here, "cannot connect the lack of notice to any prejudice" because he would not have been able to do anything differently to avoid the disfavored outcome, a lack of notice regarding FMLA rights is irrelevant. *See Wright*, 2004 WL 1087359 at *10.

## II.    CONCLUSION

---

[7]    To recap the undisputed evidence:
- November 13, 2003 until January 26, 2004 (undisputed: permitted leave due to hernia); FMLA leave taken totals 10 weeks, 2 days;
- January 26, 2004 through January 30, 2004 (undisputed: permitted physician-required week of light duty); FMLA leave taken totals 11 weeks, 2 days.
- July 28, 29, and 30, 2004 (undisputed: permitted absences for hospitalization due to diverticulitis); assuming *arguendo* any FMLA time remaining prior to these absences and that these were FMLA protected, these days would have fully exhausted Plaintiff's FMLA entitlement.
- August 2 and 3, 2004 (undisputed Plaintiff was not disciplined for these absences). Plaintiff claims he was unable to work due to his diverticultis on these days and asserts that these days should have been counted as FMLA days. *Assuming for the sake of argument only* that these absences were caused by a "serious health condition" protected by the FMLA, these two (2) days would have resulted in Plaintiff's FMLA tally exceeding the (12) weeks by two (2) days. (*See* Defendant's Facts at ¶ 52; Plaintiff's Response at ¶ 52).
- August 4, 5, and 6, 2004 (undisputed: absences for which Plaintiff was terminated).

For these reasons, as well as those in the Defendant's Motion for Summary Judgment filings, Defendant's Motion for Summary Judgment should be allowed.

|  |  |
|---|---|
|  | YALE APPLIANCE AND LIGHTING, INC. By its attorneys, |
|  | /s/ Tracy Thomas Boland Jaclyn Kugell (BBO# 561622) Tracy Thomas Boland (BBO# 638878) MORGAN, BROWN & JOY, LLP 200 State Street Boston, MA 02109 |
| Dated: May 25, 2007 | (617) 523-6666 |

## CERTIFICATE OF SERVICE

I, Tracy Thomas Boland, hereby certify that I have caused a copy of the foregoing to be served upon Plaintiff's attorney, Daniel W. Rice, Glynn, Landry, Harrington & Rice, LLP, 10 Forbes Road, Braintree, MA 02184, by ECF on this 25th day of May, 2007.

/s/ Tracy Thomas Boland
Tracy Thomas Boland